## BUNN *v.* VAUGHAN.

### March, 1867.

A mortgage upon real property, executed to the mortgagee in trust to collect and apply the principal and interest, is a trust in personal property; and if the trust is perfectly defined, so as not to rest in the discretion of the trustee, his executor may maintain an action for the foreclosure of the mortgage.[*]

In such an action a pass-book kept by the deceased trustee, containing entries of payments of interest, may be admitted in evidence.

Margaret P. Bunn, executrix, &c., brought this action against William Vaughan, to foreclose a mortgage given by the defendant to one Oakley Bunn, the plaintiff's testator, to secure the payment of two thousand dollars, with annual interest, during the natural life of one Lavinia Vaughan, the wife of the defendant, for her separate maintenance.

---

[*] Compare the preceding case; and Emerson *v.* Bleakley, vol. 2 of this series.

From the facts disclosed at the trial, it appeared that the defendant and his wife lived unhappily together for many years; and, desiring to live apart, on December 6, 1851, entered into a tripartite agreement with the said Bunn, as mutual trustee, whereby a separation was brought about, and provision made for the wife's support.

By the terms of the agreement it was provided that the defendant should execute the above mentioned mortgage to the said Bunn, as trustee, conditioned for the payment of the annual interest of two thousand dollars; that the interest of such sum should be expended by the trustee in the support of the defendant's wife; and that, whenever in his judgment the interest should not prove sufficient for that purpose, such portion of the principal as might be deemed necessary should be collected by him and applied toward the wife's maintenance.

The application of the proceeds to the maintenance of the wife was directed in the following terms: "The said interest money, or so much thereof as may be necessary, to be expended annually by the said Bunn, or by others under his directions and permission, for the support and maintenance of the said Lavinia during her natural life, and for the expenses of her funeral and monuments at her decease, and in case the said Lavinia shall be sick or diseased, or for any cause shall need a greater amount than the annual interest aforesaid, then so much of the principal of said sum as may be necessary in addition for her support and maintenance, may be collected and applied for her support, and the said William Vaughan covenants and agrees to pay to the said Bunn such part of the principal sum as may be necessary and shall be demanded and required for that purpose."

On default of payment for thirty days, the whole principal was to become due and payable. The annual interest was paid to December 6, 1860. On December 6, 1861, the interest became due, and thirty dollars was paid thereon, leaving the sum of one hundred and ten dollars due and unpaid. No further payment was made.

In July, 1862, Bunn, the trustee, died, leaving a will making the plaintiff sole executrix, legatee and devisee. The will was proved and letters granted to the plaintiff. In December fol-

lowing the death of the trustee, the plaintiff, as his executrix, commenced this action of foreclosure, claiming the right to execute the trust created by said agreement.

Defendant moved for a nonsuit on the ground that plaintiff had 'not shown any title or right to the bond and mortgage. The referee held the contrary, and gave judgment for the plaintiff.

Upon the trial a pass-book, kept by the trustee, which contained the payments of interest received from the defendant, and the payments made to the defendant's wife, was admitted in evidence under the objection of the defendant (the latter having previously introduced parol evidence of its contents), that the private memoranda of the plaintiff's testator were not evidence against the defendant, and that such evidence was improper and immaterial.

*The supreme court,* at general term, affirmed the judgment of the referee ; and the defendant appealed to the court of appeals.

The reasons of the court below were not assigned by them ; but the only question upon the merits, was, whether on the death of Bunn, the trustee, the estate vested in his executrix, the plaintiff, or in the supreme court.

*J. McGuire,* for defendant, appellant ;—That the executor took no title under the statute ; cited Selden *v.* Vermelyea, 3 *N. Y.* (3 *Comst.*) 525. That at common law, he could not enforce the trust, for no interest was coupled with the power ; De Peyester *v.* Ferrere, 11 *Paige,* 13. That the trust involved the exercise of discretion, and therefore was not assignable ; Cole *v.* Wade, 16 *Vesey,* 27 ; Walter *v.* Maunde, 19 *Vesey,* 424 ; 1 *Mylne & Keene,* 561 ; Beekman *v.* Bousor, 23 *N. Y.* 304 ; Andrew *v.* N. Y. B. So., 4 *Sandf.* 156 ; Turner *v.* Corney, 5 *Beav.* 517 ; *Lewin on Trusts,* 290 ; *Tiffany & Bull. on Trusts,* 560. That the execution of the trust vested in' the supreme court ; Leggett *v.* Hunter, 19 *N. Y.* 445. On this point counsel insisted that the case was not covered by Hawley *v.* Ross, 7 *Paige,* 103 ; Kane *v.* Gott, 7 *Paige,* 521 ; and S. C., 24 *Wend.* 641 ; Savage *v.* Burnham, 17 *N. Y.* 561. As to evidence ; Marcely *v.* Shultz, 29 *N. Y.* 346.

*Dana, Beers & Howard*, for plaintiff, respondent;—Cited Kane *v.* Gott, 24 *Wend.* 641; Savage *v.* Burnham, 17 *N. Y.* 571; Forsyth *v.* Rathbone, 34 *Barb.* 408; Brown *v.* Harris, 25 *Barb.* 136; Renaud *v.* Conselyea, 4 *Abb. Pr.* 280; Hawley *v.* Ross, 7 *Paige*, 103. Dias *v.* Brunell's Executor, 24 *Wend.* 9; 3 *Kern.* 587; 4 *Kent*, 311; 1 *Barb. Ch.* 565; 4 *Sandf.* 156; *Bullard & Tiffany on Trusts*, 537; 1 *Hoffman Rep.* 422, 431; 3 *R. S.* 142, § 23; 6 *N. Y.* (2 *Seld.*) 190, 198; 4 *Den.* 85; 5 *Johns. Ch.* 334; 4 *Wend.* 422.

BY THE COURT.—SCRUGHAM, J.—No discretionary power was conferred upon the plaintiff's testator by the tripartite agreement or the mortgage executed to him therewith.

The amount which he was authorized to apply to the support and maintenance of the *cestui que trust* was not left to his discretion, but was such only as should be actually necessary for that purpose.

The power was thus perfectly defined, and could be duly executed, as well by another as by the trustee named in the instrument. The trust was in personal property, and, on the death of the trustee, devolved, with the property, upon his representative.

While it is conceded that this is the rule at common law, it is claimed that it is abrogated by our statute of uses and trusts, and that the trust, upon the death of the trustee, vests in the supreme court, and is to be executed under its direction, by some person appointed for that purpose. This would be so if the trust were in real estate; but it is not, and the section of the statute of uses and trusts which vests the trust in the supreme court upon the death of the trustee, does not apply to trusts in personal property. This is clearly shown in the opinion of Mr. Justice COWEN, in Kane *v.* Gott, 24 *Wend.* 641, by an examination of the statute so thorough, and arguments so convincing, as to preclude further profitable discussion of the subject; and the point in this case may properly be answered in the very words of Judge COMSTOCK in delivering the opinion of this court in Savage *v.* Burnham, 17 *N. Y.* 561: "This is a trust in personal property with which the statute of ' uses and trusts ' in lands has nothing to do."

At the trial several exceptions were taken to the rulings of the referee as to the admissibility of evidence ; but the only one referred to by the appellant, in the points submitted on this appeal, is to the admission of a written memorandum or account kept by the trustee, showing payments made to him by the defendant. The defendant had subpœnaed the plaintiff to produce this, and before its production had given parol evidence of its contents. It contained no charge against the defendant, but was an admission of payments made by him.

Under these circumstances it was properly admissible in evidence, and, if its admission by the referee had been error, the defendant could not have been prejudiced by it, as the evidence was in his favor, and did not prevent his proving payments larger than, or additional to, those mentioned in the memorandum.

The judgment should be affirmed.

All the judges concurred, except BOCKES, J., who did not vote.

Judgment affirmed, with costs.