Barlow *v.* Yeomans.

GALETTA BARLOW, surviving executrix, &c. *vs.* HARVEY YEOMANS, administrator, &c. and others.

Where an executor has received a portion of the estate, and sold the same, and applied the money arising from the sale to his business, thereby commingling it with his own property, and preserving no evidence by which the trust fund can be identified; in the distribution of the assets of such executor, after his death, by the surrogate, no preference can be allowed in favor of the trust estate, on account of such moneys, but the estate must stand on a footing with the other creditors of the executor.

THE following facts were agreed to by the respective parties: That James Barlow departed this life, having made a will, of which his son, Reuben S. Barlow, and the plaintiff were the executor and executrix. The said will was admitted to probate, and letters testamentary issued thereon March 27, 1861. The testator left him surviving the widow, executrix aforesaid, and eight children, who still survive, excepting Reuben S. and Joseph Barlow. That afterwards the said Reuben S. Barlow and the plaintiff, as executrix and executor aforesaid, took possession of the property and effects of said deceased James Barlow. That Reuben S., as executor aforesaid, received of said property quite an amount, and the same was sold and converted into money; was taken and used by the said Reuben S. Barlow in his business as a merchant, and otherwise, in common with his own individual property, and the same was not kept separate from his property. That the amount of property thus sold and converted into money and used was $825. That before any accounting

or final settlement was had, and on or before the 30th day of December, 1863, the said Reuben S. Barlow departed this life intestate *and insolvent.* That on the 30th day of December, 1863, letters of administration of his estate were duly granted by the surrogate of Schoharie county to the defendant Harvey Yeomans. That Henry Tibbits, Obadiah Haskins, George Smith and others, are creditors of Reuben S. Barlow, deceased. Eighteen months having elapsed since letters of administration were issued, the defendant Yeomans, as administrator aforesaid, applied to the surrogate of Schoharie county for a final settlement of his accounts, and cited the creditors of Reuben S. Barlow, deceased, to attend said settlement. The plaintiff, as executrix aforesaid of James Barlow, deceased, and the creditors (defendants) appeared before the surrogate on the return of a citation issued for that purpose. The said Harvey Yeomans, administrator aforesaid, presented an account duly verified, showing assets in his hands insufficient to pay the debts of said *intestate in full,* but more than $825. The plaintiff claims that the said Reuben S. Barlow having received the above sum of $825 as executor aforesaid, that should first be paid to her in full from the assets in the hands of said administrator. The defendants, as creditors of Reuben S. Barlow, deceased, objected and claimed that said plaintiff was a simple creditor, and entitled to claim on the distribution of said estate no more than a percentage on the dollar allowed to them, the defendants, as creditors. The above question is submitted to this court without action, under section 372 of the Code of Procedure.

*H. Krum,* for the plaintiff.

*Sandford & Thorne,* for the defendants.

*By the Court,* INGALLS, J. Reuben S. Barlow, one of the executors of the will of James Barlow, deceased, received a

Barlow *v.* Yeomans.

portion of the estate and sold the same, and applied the money arising from said sale to his business, thereby commingling it with his own property, and preserving no evidence by which the trust fund can be identified. Under such circumstances we are clearly of opinion that in the distribution of the assets of the said Reuben S. Barlow by the surrogate, no preference can be allowed in favor of the trust estate, but the same must stand on a footing with the other creditors. This principle is unmistakably recognized in the following cases : *Hart* v. *Bulkley*, (2 *Edward's Ch.* 70 ;) *Kip* v. *The Bank of N. Y.* (10 *John.* 63 ;) *Willett* v. *Stringer*, (17 *Abb.* 152.) I have been unable to find an authority which asserts an adverse doctrine. When the identity of the trust fund is preserved ; so that it can be traced, it will be protected ; but when the trustee is allowed to absorb the same in his business, it ceases to be sacred, and loses all preference. This rule undoubtedly operates harshly in some instances, but on the whole it is reasonable. A trustee should in all cases keep the trust fund separate, as thereby he protects himself from personal liability in case of loss of the fund. And the trust estate is far less liable to be sacrificed. A trustee has no moral or legal right to speculate upon trust property, or to subject the same to the hazards of trade. It not unfrequently happens that the *cestui que trust* is subjected to loss arising from the improvidence, carelessness, or dishonesty of the trustee, which the courts are powerless to remedy. Judgment must be entered in favor of the defendant, in accordance with the foregoing, in the form prescribed by section 373 of the Code.

[ALBANY GENERAL TERM, September 16, 1867. *Miller, Ingalls* and *Hogeboom,* Justices.]