ORANGE COUNTY.—HON. GILBERT O. HULSE, SURROGATE.—
SEPTEMBER, 1871.

## WELLS v. WALLACE.

*In the matter of the petition of* E. A. WELLS, *trustee, in the accounting of* HANNAH WALLACE *and* JOHN J. COOPER, *administrators of* HARVEY WALLACE, *deceased.*

The Surrogate has jurisdiction upon the petition of one who received no notice of an accounting had by executors or administrators, to open the decree made on such accounting.

Where a trustee died insolvent, having wasted the fund, and his administrators accounted without notice to the *cestui que trust,* and obtained a decree requiring them to pay the trust claim only *pro rata* with general creditors.—*Held,* that the Surrogate had jurisdiction to open the decree, on the petition of a substituted trustee, without notice to the heirs, next of kin and creditors.

Presentation by the substituted trustee of the claim to be allowed the full amount, is not necessary in such case, the administrators having had actual notice of the claim after testator's death, and having accounted before a substituted trustee.

---

Upon the death of the trustee of an express trust of personal property, as well as where the trust is of real property, the trust devolves upon the Supreme Court.

If it appear that the trust fund was so mixed by the trustee with his own property that it cannot be separated or identified, it must be paid *pro rata,* as the creditors of the trustee are paid.

THIS application was made in the matter of the accounting of Hannah Wallace and John J Cooper, administrator of Harvey Wallace, deceased.

William Wallace, deceased, by his last will and testament appointed his son Harvey Wallace, also now deceased, his executor. He gave to his said son $2,000 to be invested by him, and the use thereof he gave to his daughter Matilda, during her life, and such portion of the principal as in the judgment of Harvey should be necessary for her support and maintenance.

The will of William Wallace after his decease was proved, and Harvey qualified as the executor thereof, and acted as such up to April, 1869, when he died intestate and insolvent.

Hannah his widow, and John J. Cooper, were appointed his administrators, and John C. Wallace, before the accounting herein mentioned, was appointed administrator with the will annexed of the goods and chattels of the said William Wallace, deceased, left unadministered by the said Harvey. The administrators of the goods, &c., of the said Harvey Wallace, deceased, subsequently rendered their account as such, notice of which was given to the said John C. Wallace, but no notice thereof was given to the said Matilda.

Upon their rendering said account, the settlement thereof, was attended by the said John C. Wallace, and the account allowed and settled as filed; and as settled, a decree was entered directing the said administrators of the estate of the said Harvey Wallace, deceased, to pay to the said John C. Wallace, the portion of the said trust fund, treating the same as a debt of Harvey, to the trustee of said fund.

By the account rendered as aforesaid, there appeared in the hands of Harvey Wallace, at the time of his decease, the sum of $1,610 principal, and $184.47 interest, belonging to the estate of William Wallace, deceased; and this sum on said settlement of the administrators of Harvey Wallace, deceased, or such portion thereof as his estate would pay (treating it as other debts of H. Wallace) was directed to be paid to John C. Wallace, as administrator, with the will annexed of William Wallace, deceased.

Subsequent to the entry of the decree upon the said settlement of the administrators of Harvey Wallace, deceased, Matilda Wallace, the *cestui que trust*, or person entitled to the use of the $2,000, provided for in the will of William Wallace, deceased, applied to the Supreme Court for, and obtained an order, appointing Edgar A. Wells, trustee of said fund of $2,000; thereupon said new trustee, (E. A. Wells,) applied to the Surrogate by petition praying that the decree made the settlement of Hannah Wallace, and John C. Cooper, administrators, &c., of Harvey Wallace, deceased, might be opened and corrected, by directing that the whole money remaining in the hands of Harvey Wallace, at the time of his death belonging to the estate of William Wallace, be paid over to him, the said Edgar A. Wells, trustee.

The matter came before the Surrogate on an order requiring the administrator to show cause why the petition should not be granted.

W. B. ROYCE, *for the petitioner*.

DURYEA & BACON, *for the administrators*.

THE SURROGATE.—It is objected by the counsel for the administrators that I have no power, jurisdiction or authority to alter, open or correct or amend the decree made upon the accounting.

This objection must be overruled. I have no doubt of the Surrogate's jurisdiction and authority so to do, and think in a proper case he ought so to do.

It is objected further that I have no power or jurisdiction except upon notice to the heirs at law, next of kin, and creditors of the said Harvey Wallace.

This objection I shall also overrule. I think the trustee need only call upon the administrators for the fund. It is not necessary that any others have notice of this proceeding.

It is objected further that the Surrogate has no power or authority to decree payment to said Edgar A. Wells without having proof that he had presented the claim to the administrators, and that its validity was allowed.

I do not see the force of this objection. The claim to the amount of $1,610.86 and interest, is not disputed. The administrators had notice of the claim and admitted it to that amount. Nothing further was needed, but at that time there was no trustee to present the claim to, if a presentation was necessary, and no advantage can be taken when notice is in fact given. This answers all the objections filed. I think that whenever an error has been committed, the Surrogate on application upon notice may correct the same. It is only necessary for me to decide these objections. Whether the decree will be opened depends upon other questions, but the objection to my jurisdiction and power to open a decree of my own entering must be overruled.

---

The petition was consequently heard upon the merits.

DURYEA & BACON, *for the administrators.*

DILL & ROYCE, *and* D. F. GEDNEY, *for* E. A. WELLS, *the trustee.*

THE SURROGATE.—Two questions are submitted for my decision.

1st. Upon the death of Henry Wallace, trustee of the fund of $2,000 under the will of William Wallace, deceased, upon whom did the trust devolve? Shall the administrator with the will annexed, John C. Wallace have it, or Mr. Wells, the trustee?

Upon this question I meet with various opinions of judges and opposite decisions. It is held in three cases which are cited below that the statute of uses and trusts does not apply to a trust of personal property. (*Kane* v. *Gott*, 24 *Wend.*, 641; *Savage* v. *Burnham*, 17 *N. Y.*, 561; *Bunn* v. *Vaughan*, 1 *Abb. Ct. App. Dec.*, 253.

The revised statutes of this State have not defined the objects for which express trusts in *personal* estate may be created, but have done so as to *real* estate, and the statute of uses and trusts as to express trust of real estate provides, that upon the *death* of the *trustee* the trust shall *devolve* upon the Court of Chancery, (now Supreme Court). But section 2 of title 4, chap. 4th, 1st part of the revised statutes, provides as follows: " In all other respects limitations of future or contingent interests in personal property, shall be subject to the *rules prescribed* in the first chapter of this Act in relation to future estates in lands;" and one of those *rules* is, that upon the death of the trustee, the trust devolves upon the Supreme Court.

I am unable to see how we are to read the above statute otherwise than that it applies to trusts in either real or personal estate; and, conclude in my own judgment, that upon the death of Harvey Wallace, the trustee under the will of William Wallace, the trust devolved upon the Supreme Court, and that Edgar A. Wells is now, by virtue of the appointment by that court, the trustee of the said trust fund.

I am not alone in this conclusion, for I find the Court of Appeals, in another case, have, I think, come to the same conclusion. (*Campbell* v. *Foster*, 35 *N. Y.*, 361, 371–2, and cases there cited. See also, *Hawley* v. *Ross*, 7 *Paige*, 103, 107 ; a case precisely in point.)

This disposes of the first question. But I will remark, that in some of the cases it is held or intimated that the *administrator with the will annexed* (John C. Wallace) is entitled to this fund. The case in 1 *Abb. Ct. App. Dec.*, 253, holds, that upon the death of the trustee the trust devolves upon his representatives. John C. Wallace is not the representative of Harvey Wallace.

2d. It being conceded that Harvey Wallace in his lifetime used this fund with his own in business, and so mixed it with his own as to become undistinguishable, and could not be identified from his funds,—has the trustee a claim superior to that of a general creditor of his deceased ?

The parties have stipulated as to the facts upon which this question depends ; they have stipulated that the amount of the funds in the hands of the administrators of Harvey Wallace, belonging to the estate of William Wallace, deceased, to wit, the said sum of $1,610 and interest, is the unexpended portion of said trust fund of $2,000, and that it was not kept separate from his own funds, but was by him used and mixed with his own money in business, &c. ; by which admission, I conclude that the administrators of Harvey Wallace find from his books this balance of $1,610 and interest, which appears to be the unexpended portion of the $2,000 trust money ; but they fail to find any investment of the same, and find that it is a part and portion of his property, owned by him at his death, he having used and mixed it with his own money in his business, &c.

At first this question might appear to be in favor of the trustee; but I find, upon reflection, that the reason and justice of the principle involved is with the creditors.

The making of a trustee is the voluntary act of the party creating the trust. It is the confiding of your property to another to do with as you may will or direct. The court is not asked to aid you. The trustee is of your choosing; and it is the person choosing the trustee who is at fault, for the whole matter is with him. He may require the trustee to give security. But where a person makes a testamentary trustee of a trust estate, and no security is required, if the trust is for the benefit of some third person, the person beneficially intended may make complaint to the court in case the trustee is squandering the trust funds, or for many other reasons; and the court will remove the trustee, or require him to give security, as the case may be. It is not often that a trustee is called to an account; and no one knows except himself, one case in a hundred excepted perhaps, how he is handling the trust or what he has it invested in. Take this case. Matilda Wallace was a sister of Harvey; she was of age, and competent to look after her own interest; yet she contented herself by asking her brother for some money when she would or wanted it, and while she was so contented and confiding toward that brother, he was using her trust fund in speculation in stocks, when he was made bankrupt.

Even if she knew her brother was not keeping the fund separate from his own money, she would be very reluctant in requiring him to give security, or to offend him about the fund their father had entrusted him with by his last will and testament. But such is one's privilege; and if the trader squanders the money, he has betrayed the confidence reposed in him.

The trust, in case of the death of the trustee, devolves upon the Supreme Court, and in order to carry out the trust, it will affirm a person as trustee, and this will not be done unless the person gives suitable and proper security.

It is a great hardship for the *cestui que trust* to lose the beneficial intent by the wrongful act of the trustee. It is also a hardship for a creditor to lose his money.

Suppose a poor widow with a large family of small children had loaned to Mr. Harvey Wallace say $2,000, all the money she had. We might suppose that Matilda herself had loaned her brother $2,000, of money given her by her father. In either case it would be a great hardship to lose the money, or most of it, yet the lender certainly would. The substituted trustee, in this case, has no greater or superior claim, in my opinion. The trust money having been used by Harvey in his business, proves, upon his death, to have been either lost in speculation or mixed with his own funds in the property left by him. He has, perhaps, obtained credit by using this fund, and creditors are entitled to share in his estate.

I will refer for the reasons of the rule to *Barlow* v. *Yeomans* (50 *Barb.*, 187).

I confidently hope enough may yet be realized from the estate of Harvey Wallace to nearly pay all in full.

I decide, that upon the death of the trustee of an express trust, whether of real or personal property or both, the trust devolves upon the Supreme Court, and,

2d, That it appearing that the trust fund was so mixed by the trustee with his own property that it cannot be separated or indentified, it must be paid *pro rata*, as the creditors of the trustee are paid.

The application to appear and amend the decree

herein must be granted so far as to be made to conform to the views above expressed.

A reasonable allowance will be made to both parties for their costs, on application therefor.

Decree accordingly.