---

## In re ALTMAN'S ESTATE.

(Surrogate's Court, New York County.   March 3, 1915.)

WILLS (§ 525*)—CONSTRUCTION—BENEFICIARIES—GIFTS TO EMPLOYÉS—TERM OF EMPLOYMENT.

Under a will whereby testator gave a specified sum to each employé of a corporation at the time of his death, and who had been in the employ thereof for specified periods, provided that piece workers should not be included, the time spent by a piece worker subsequently becoming a salaried employé cannot be included in determining the length of employment.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1447–1451; Dec. Dig. § 525.*]

Judicial settlement of the account of the executors of Benjamin Altman, deceased.   Decree ordered.

Cadwalader, Wickersham & Taft, of New York City, for executors.
Olvany, Russell & Ingle, of New York City (George W. Olvany and John Ingle, Jr., both of New York City, of counsel), for Mary C. Sullivan and Mary Reilly.

FOWLER, S.   Upon the judicial settlement of the account of the executors certain persons claim that they are legatees under the third paragraph of the seventh clause of testator's will. It is therefore necessary to construe this clause in order to determine the validity of those claims. The relevant parts of the paragraph are as follows:

"I further give and bequeath to each of the persons who shall be in the employ of the said corporation of B. Altman & Company at the time of my death and who have been in the employ of my firm and said corporation together for a period of twenty years or more, the sum of $2,500; to each of such persons who have been in such employ for eighteen years or more, and less than twenty years, the sum of $1,500, and to each of such persons who have been in such employ for fifteen years or more, and less than eighteen years, the sum of $1,000, provided, however, that piece workers shall not be included in these several classes."

The claimants herein, Mary C. Sullivan and Mary Riley, were in the employ of the corporation of B. Altman & Co. at the time of tes-

tator's death.   Mary C. Sullivan entered the employ of the testator on October 1, 1894, as a piece worker, and continued in his employ in such capacity until September 25, 1899, when she became a salaried employé.   She continued as such salaried employé until the time of the testator's death.   Mary Riley was employed by the testator as a piece worker on October 7, 1896, and she continued in that capacity until February 11, 1901, when she became a salaried employé.   Piece workers were not paid a regular salary, but received compensation for each piece of work made or completed by them.   They worked on the premises occupied by the department store of B. Altman & Co.; their hours of labor were regulated by the company, and they were under the control and management of the persons in charge of the store.

Mary C. Sullivan was in the employ of B. Altman & Co. as a piece worker and salaried employé for about 19 years, and, as she was in the employ of the corporation at the time of testator's death, she would be entitled to receive a bequest of $1,500 as a member of the second class mentioned in paragraph 3 of clause 7 of the will, if the number of years which she worked as a piece worker may be added to the number that she worked as a salaried employé in determining years of employment within the meaning of clause 7 of the will.   As a salaried employé she was less than 15 years in the employ of B. Altman & Co. and therefore would not be entitled to any bequest, unless the years of employment as a piece worker may be added to those as a salaried employé.   Mary Riley would be entitled to a bequest of $1,000 if the number of years she was employed as a piece worker may be added to the number in which she was employed as a salaried employé in ascertaining the total number of years of service within the meaning of paragraph 3 of clause 7 of the will.

It is evident that the testator intended to show his appreciation of the loyalty and efficiency of those of his associates and employés who had been connected with the conduct of his business for a number of years, and that this substantial evidence of appreciation was to be regulated by the number of years of service.   Long service would be an indication not only of efficiency as an employé, but also to some extent of personal interest in or identification with the business, as distinguished from a merely financial interest.   Undoubtedly it was to show his appreciation of such personal interest in the business that he made the bequests to the employés.   Piece workers, however, have not the same general interest in the business that salaried employés have.   Their compensation is not dependent upon the management's appreciation of their work or the results which they achieve for the business, but upon the amount of work which they do.   They are to some extent independent contractors.   That the testator did not intend to place them in the same category as salaried employés is manifest from the last clause of the paragraph above quoted.   As he expressly discriminated against them and excluded them from the bequests intended for salaried employés of a certain length of service, it is reasonable to assume that he intended to exclude from computation in ascertaining such length of service the number of years in which any employé was employed as a piece worker.   Piece workers being ex-

pressly excluded by the language of the will, the time spent by a piece worker who subsequently became a salaried employé should also be excluded. Unless this interpretation of intention be given effect it would be possible for a piece worker, who had worked in that capacity for 20 years and had been a salaried employé one week immediately prior to decedent's death, to receive a bequest of $2,500, under paragraph 3 of clause 7 of the will, although the testator expressly states that such legacies are not to be paid to piece workers.

I will therefore hold that neither of the claimants is entitled to a legacy under paragraph 3 of clause 7 of testator's will.

Each of the executors will be allowed $36,322.13 commissions. No commissions will be allowed on the money received by the executors on account of the mortgage executed by them on real estate specifically devised.

Complete decree by inserting appropriate amounts.