In re ALTMAN'S ESTATE. (No. 7814.)

(Supreme Court, Appellate Division, First Department. November 5, 1915.)

Appeal from Surrogate's Court, New York County.

In the matter of the settlement of the executors of Benjamin Altman, deceased. From the decree (89 Misc. Rep. 697, 151 N. Y. Supp. 1092) disallowing certain claims, claimants appeal. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

George W. Olvany, of New York City, for appellants.
Francis Smyth, of New York City, for respondents.

PER CURIAM. Decree affirmed, with costs, on the opinion of Fowler, S. Order filed.

LAUGHLIN, J. (dissenting). Benjamin Altman, deceased, by his last will and testament, made bequests to certain employés of the corporation of B. Altman & Co., as follows:

"I further give and bequeath to each of the persons who shall be in the employ of the said corporation of B. Altman & Co. at the time of my death and who have been in the employ of my firm and said corporation together for a period of twenty years or more, the sum of $2,500; to each of such persons who have been in such employ for eighteen years or more, and less than twenty years, the sum of $1,500, and to each of such persons who have

been in such employ for fifteen years or more, and less than eighteen years, the sum of $1,000, provided, however, that pieceworkers shall not be included in these several classes."

The appellants were in the employ of the corporation when Mr. Altman died. One of them entered the employ of the testator as a pieceworker on the 1st day of October, 1894, and continued in his employ in the same capacity until the 25th of September, 1899, when she· became a salaried employé, and so continued thereafter in his employ, and in the employ of said corporation which succeeded to his business, until after his death, which occurred on the 7th day of October, 1913, a period of more than 19 years; and the other entered his employ as a pieceworker on the 7th of October, 1896, and continued in that capacity until February 11, 1901, when she became and continued to be a salaried employé until after his death, a period of 17 years. Pieceworkers worked on the premises and in the department store of the testator and of said corporation, and their hours of labor were regulated by, and they were under the control and management of, those in charge of the store, but, instead of being paid salaries, they were paid by the piece for the work they performed.

If the time during which each of the appellants was in the employ of the testator as a pieceworker is to be excluded in determining whether she is entitled to take under the bequest quoted, then neither of them was in his employ and in that of the corporation the requisite period; but if the period of their service as pieceworkers is to be computed, then one falls within the 18-year class and the other within the 15-year class. I am of opinion that each of the appellants is entitled to take according to the literal and reasonable construction of the will, and that the learned surrogate erred in holding otherwise.

The bequest is directly made to the persons in the employ of the corporation at the time of the death of the testator, who have been in his and its employ altogether for the periods specified. Manifestly each of the appellants answers these requirements. The testator classified the employés of the corporation according to the period of their service in his and its employ, and in making the classification he excluded pieceworkers. In determining who are to be excluded under the proviso with respect to pieceworkers, it is quite clear, I think, that the exception made with respect to them was intended to relate to those only who were pieceworkers at the time of his death. If he intended to exclude from the computation with respect to the period of service the time that one, who was a salaried employé when he died, had theretofore served as a pieceworker during such period, I think the will would have been so phrased as clearly to indicate such intention. In the form in which the will was executed it seems to me that the executors would naturally understand that the testator intended that they should classify the employés of the corporation according to the positions they occupied at the time of his death, dividing them into two classes, the one embracing all who were then pieceworkers, and the other the rest, and then the right of the latter to share in the bequest should be tested by the period of their employment, *not in the particular capacity which they occupied at the time of his death*; for it is not so provided in his will, but by the length of the entire period

of their employment in his service and in that of the corporation in the business in any capacity taken together.

I therefore dissent from the affirmance, and vote for reversal and modification of the decree, by inserting a provision to the effect that the appellant Mary C. Sullivan is entitled to a legacy of $1,500, and the appellant Mary Reilly to a legacy of $1,000, and that the executors be directed to pay the same, together with interest thereon from the 6th day of November, 1914.

INGRAHAM, P. J., concurs.