Matter of the Estate of BENJAMIN ALTMAN, Deceased.

(Surrogate's Court, New York County, May, 1921.)

Wills — construction of — bequest to employee — when employment need not be continuous to come within terms of the will — evidence — opening of decree settling accounts of executor.

A will is ambiguous only when it is judicially determined that no interpretation can be given to the instrument.

There is no latent ambiguity in a bequest of money to each of such persons who have been in the employ of a certain named corporation "for fifteen years or more and less than eighteen years" upon condition that each of them shall be at the time of the death of the testator in his employ or that of the corporation, and parol evidence is inadmissible to show that it was the intention of the testator to confine his bounty to continuously employed persons, and one who when testator died had been thus employed, during two intervening periods, slightly less than eighteen years, is a legatee under said provision of the will, and entitled to take.

The application of said legatee to open, set aside and vacate decrees entered upon the settlement of the accounts of the executor of the estate, granted on the ground that petitioner not having been cited to attend such accountings, the decrees entered thereon were as to him void.

APPLICATION to set aside and vacate three decrees settling the accounts of executors.

Edwin C. Mulligan, for John R. White.

Cadwalader, Wickersham & Taft, for executors.

FOLEY, S. This is an application by petitioner, claiming to be a legatee, to set aside and vacate three decrees filed in this court March 5, 1915, March 21, 1916, and October 4, 1917, settling the accounts of the

Misc.]    Surrogate's Court, New York County, May, 1921.

executors of the estate of Benjamin Altman. The question here is whether the petitioner White is entitled to a legacy of $1,000 under the will, and particularly whether the terms of the will require continuity of service, or whether an interrupted term of service, exceeding fifteen years, entitled him to the amount claimed. Subdivision 3 of paragraph 7 of the will reads as follows:

" *   *   * I further give and bequeath to each of the persons who shall be in the employ of said corporation B. Altman & Co. at the time of my death, *   *   * and to each of such persons who have been in such employ for fifteen years or more, and less than eighteen years, other than the persons hereinbefore in this clause mentioned, and other than those who shall otherwise be legatees in some other clause of my will, the sum of one thousand dollars ($1,000) provided, however, that piece-workers shall not be included in these several classes.

" All the money bequests hereinbefore contained in this clause of my will are made, however, in like manner, upon the condition that the legatees, and each of them, shall be at the time of my death in my employ, or in the employ of said corporation B. Altman & Co."

I hold that the petitioner is a legatee under the will. He was employed by B. Altman & Co. from November 6, 1893, to October 7, 1897, and from November 13, 1899, to July 2, 1920, so that on October 7, 1913, when the testator died, he had thus been employed for two periods, four years and fourteen years, or a total service of slightly less than eighteen years.

The executors claim that there is a latent ambiguity arising *dehors* the will and that parol evidence is admissible to establish that the intention of the testator was to confine his bounty to *continuously*

employed persons. I find no such ambiguity. The language of the will is clear. A will is ambiguous only when, after full consideration, it is determined judicially that no interpretation can be given to it. Beal, Rules of Interp. 580. "Extraneous and parol evidence is admissible to explain a will where there is a latent ambiguity arising *dehors* the instrument, but never to supply, contradict, enlarge or vary the written words." *Brown* v. *Quintard,* 177 N. Y. 75, 83, quoting from *Mann* v. *Mann,* 1 Johns. Ch. 231; *Fries* v. *Osborn,* 190 N. Y. 35; *Matter of Lummis,* 101 Misc. Rep. 258; *Matter of Douglas,* 97 id. 208; Jessup-Redfield, 551. The controlling factor is the intention of the testator, and that intention must be gathered from the language of the will. *La Frinz* v. *Whitney,* 195 App. Div. 131; *Fulton Trust Co.* v. *Phillips,* 218 N. Y. 573; *Cammann* v. *Bailey,* 210 id. 19; *Herzog* v. *Title Guarantee & Trust Co.,* 177 id. 86; *Ritch* v. *Hawxhurst,* 114 id. 512. Mr. Altman's intent cannot be enlarged or explained by his declarations, memoranda or other evidence. *Reynolds* v. *Reynolds,* 224 N. Y. 429. Here under one exception to the general rule, the *identity* of the persons who answer to the conditions imposed by the testator may be shown by extrinsic evidence. But the circumstances of the employment of petitioner are conceded. The whole scheme of the will was to benefit the faithful employees of B. Altman & Co. either by direct legacies or through the Altman Foundation. His intention was to reward those who aided him in the building up of his business. The legacy claimed by White was not restricted by the terms of the will to those whose employment was for successive years. In the first provision of paragraph Seventh he rewarded "long continued service" by giving more substantial legacies of stock in B. Altman & Company to persons

specifically named. In the second provision of that paragraph he refers to the legatees, also specifically named, as those rewarded for " long and faithful service." On the other hand, no such characterization as " longed continued " or even " long and faithful " was used in the third provision of that paragraph. The word " period " is not mentioned in the particular clause involved here. If he had intended to exclude those whose service had been interrupted, the will could have been phrased so as to express that intention. But such a condition cannot be read into the will.

A previous construction by Mr. Surrogate Fowler held that piece-workers were not entitled to share, where part of their term of service was rendered in that capacity and part as salaried employees. *Matter of Altman,* 89 Misc. Rep. 697; affd., 171 App. Div. 903; affd., 217 N. Y. 680. This decision is not, however, applicable here for the testator expressly provided " that piece-workers shall not be included in these several classes." This exception shows the care taken by testator in defining the objects of his bounty, and makes significant the failure to use the word " continuous." We are not dealing here with a requisite period of service of but a few years. The testator fixed a comparatively long period of time with a minimum of fifteen years. Satisfactory service is not turned into an " in and out " employment by but one interruption. The re-employment of a person usually implies satisfaction with his services, and in this case was justified by White's subsequent loyalty. Circumstances in other cases, where the requisite period of service was short, for example, one or two years, might require that a delinquent employee or malingerer should be denied the bounty of an employer.

Surrogate's Court, New York County, May, 1921.   [Vol. 115.

In *Matter of Becker,* 39 Misc. Rep. 756, the language was even stronger than here and the words used, " period of not less than two years," were construed to mean the total length of service, and not unbroken service.   In *Matter of Cowell,* 167 Cal. 222, similar language was held not to require continuous employment of the legatee.   In that case *Matter of Klein,* 35 Mont. 185, cited by the executors, was distinguished.   The testator in using the words *" in such employ for fifteen years or more,"* therefore, must be deemed to have referred to the aggregate of employment only.   It was the executors who gave the will a different interpretation.   They attempted to prescribe those entitled to legacies. The nature of the employment and the length of service of the employees of B. Altman & Co. were peculiarly within their knowledge.   If they were in doubt, they could have cited the employees concerned, and the question could then have been passed upon by the surrogate.   They proceeded on their own judgment of the intent and effect of this clause, and in my opinion they did so erroneously.   The gracious generosity of Mr. Altman would be considerably diminished if the tests sought to be applied by counsel for the executors were accepted by the court.   It is admitted that White was employed for seventeen years, and as the will made the bequest to each person employed for over fifteen years, he is entitled to the legacy.

Every decree of a Surrogate's Court is conclusive as to all matters embraced therein against every person of whom jurisdiction was obtained.   Code Civ. Pro. § 2550.   A similar provision (Code Civ. Pro. § 2742) applies particularly to decrees on accounting.   The petitioner being a party in interest, and not having been cited, the decrees as to him are

void. Such decrees may be opened on application of a party interested who had no notice of the accountings. *Matter of Killan,* 172 N. Y. 547; *Wells v. Wallace,* 2 Redf. 58; *Matter of Gall,* 182 N. Y. 270. The lapse of many years does not prevent the surrogate from opening, vacating, or setting aside such decrees. *Matter of Regan,* 167 N. Y. 338; *Matter of Flynn,* 136 id. 287; *Matter of Mather,* 41 Misc. Rep. 414; affd., 90 App. Div. 382; *Matter of Henderson,* 157 N. Y. 423; *Matter of Johnston,* 76 Misc. Rep. 374; *Matter of Dalton,* N. Y. L. J., Dec. 3, 1908.

The executors claim further that the petitioner is guilty of laches in making this application. Even if the principle of laches applied, I would, upon the facts, in my discretion, overrule this contention.

Motion to open and vacate decrees on accounting (as to petitioner only) is granted.

Decreed accordingly.