In the Matter of the Estate of J. Francis Galvin, Deceased.

Surrogate's Court, Monroe County, September 7, 1934.

*W. B. Zimmer,* for petitioning executor, *ex parte.*

Feely, S. The accounting executor applies for an order dispensing with service of citation upon a known creditor who has a claim against the estate for the sum of twelve dollars. The validity of this claim is conceded; but it must be prorated because of a shortage of assets. While the citation was being published herein, the petitioning executor discovered that this claimant could not be found at her last known (1933) address, which was in Monroe county. He has not succeeded in his recent search for her. As he had expected to serve her personally with the citation, the order of publication contained no reference to her as one to be so served by reason of her whereabouts being unknown. So, the publication of the citation did not result in bringing her before this court. Her name does not appear in the printed notice as one of the parties to the proceeding; nor is she brought in by the general terms of the final address in the citation, which runs to all others unknown who may claim any interest in the estate.

This application is, therefore, based on the addition that was made at the end of the list of those who must be cited for voluntary

judicial settlement (Surr. Ct. Act, § 262) by the enactment of chapter 420 of the Laws of 1932; whereby, in brief, it was provided that if the name or whereabouts of a person interested up to the extent of $500 could not be ascertained, the surrogate might dispense with service of the citation on such person; but in case of dispensation the decree settling the account should not be conclusive against such person, unless such person, " before the entry of the decree," appear, waive or be duly served.

This dispensation of service of process upon a necessary party, with the unnecessary proviso that the decree should not bind such person, unless before the entry of the decree, jurisdiction of such party were regularly obtained, was apparently intended to authorize the entry of a decree against one not served. Undoubtedly, a decree of judicial settlement against a creditor of the decedent, upon whom preliminary process had not been served, and who neither appeared nor waived service, is absolutely void as to such person, even though the proceeding be one *in rem.* In applying this rule in 1929, Surrogate WINGATE, in *Matter of Glass* (134 Misc. 291), cited the leading case in New York on this point, *Matter of Killan* (172 N. Y. 547), which originated in this court in 1902; and he also cited *Matter of Altman* (115 Misc. 476, 480). To the same effect is *Ellis* v. *Kelsey* (118 Misc. 763, 773) and *Matter of Purcell* (137 id. 727).

The underlying reason of the rule, obviously, is that the entry of a decree against one not served is an act that, in and by itself, tends to deprive that person of his " day in court," and of his rights, " without due process of law," within the meaning of both Constitutions. For the same reason the Legislature of this State is without power to declare the omission to serve any process whatever to be due process of law; for the State cannot, by legislation, make anything it chooses to declare due process of law, to be such if it otherwise is not. (*City of Buffalo* v. *Neubeck,* 209 App. Div. 386, 391.) Generally speaking, it should be regarded as bad practice to try to do what the Constitutions forbid.

In the present case the fact that there must be a prorating of this claim, and that the proposed decree will not save the claimant harmless by directing the full amount claimed to be paid into court, emphasizes the violation of the claimant's constitutional rights. If, however, this extraordinary enactment be read literally and strictly, as it should, then it seems futile in that it appears to declare that " before the entry of the decree " it may become conclusive by appearance, waiver or service; and impliedly that after the decree is entered, it cannot be remedied by those regular methods; which would lead to the conclusion that entry of the

decree would have to be withheld until jurisdiction had been duly obtained. The object of the enactment appears, rather, to have been to authorize the entry of the inconclusive decree without having obtained jurisdiction in the regular ways.

It has been suggested that such practice is justified, where many persons are interested in common and the court's volume of business is large, in that the unserved person could not, as a practical matter, gain anything by later appearing and attacking the decree, especially where the full amount claimed is ordered paid by the decree.

Each of the Constitutions guarantees to the citizen and only to him — not to any court — the privilege of saying whether or not he will be aggrieved by the proposed action of any court. This makes indispensable some preliminary notice, either actual or its presumptive equivalent, before the court acts; but the privilege not having been extended to the court, it cannot presume, or assume beforehand, without notice, what the citizen might or might not do were he notified. From this viewpoint of constitutional law, it is immaterial that in the judgment of the court he could not possibly be aggrieved by its proposed decree. The right is his and his alone to be judge of that before any court passes on it. It is a condition precedent to any court acting that the citizen shall have first had preliminary notice in one or other of the traditional forms, and an opportunity to be heard.

No matter what practical convenience may require, "judicial process is indispensable. Until notice is given, the court has no jurisdiction in any case to proceed to judgment, whatever its authority may be, by the law of its organization, over the subject-matter. Judgment without notice wants all the attributes of a judicial determination; it is judicial usurpation and oppression, and can never be upheld where justice is justly administered." In those words, Ruling Case Law summarizes several decisions of the United States Supreme Court (21 R. C. L. 1262).

My conclusion is that neither on the general law, nor on the peculiar facts of the instant case, ·is this application justifiable; and the application is, therefore, denied. Enter a decree accordingly.