In the Matter of the Estate of ANNIE L. HOE, Deceased.

Surrogate's Court, New York County, May 2, 1941.

*Thomas L. J. Curran,* for the petitioner.

*Paul G. Gravenhorst,* for the respondents.

FOLEY, S. This is an application for a construction of the will. The testatrix died on June 11, 1940, leaving a will executed March 23, 1934, and a codicil executed June 14, 1935. The seventh paragraph of the will provides as follows:

"*Seventh:* I give and bequeath the following sums to the persons named herein, if they respectively be in my employ at the time of my death as follows:

Five thousand ($5,000) Dollars, to Susan Seery;

Five thousand ($5,000) Dollars, to Ellen Roche;

Five thousand ($5,000) Dollars, to Margaret Imlay;

Five thousand ($5,000) Dollars, to Mary Quirk."

The executors have refused to pay the $5,000 legacy to Margaret Imlay on the ground that she was not in the employ of the testatrix at the date of her death. Margaret Imlay, the petitioner on this application, contends that she has complied with the terms of the will and is entitled to the legacy. The facts have been stipulated.

The petitioner was employed as a waitress in the household of the decedent for twenty-eight years prior to the execution of the will. Before entering the decedent's service she had been employed by the mother of the decedent. On November 15, 1935, the attorney for the decedent, who is now one of the executors and the attorney for the executors, wrote a letter to the petitioner which stated in substance that the decedent had been giving a good deal of thought to the health of Margaret Imlay and had reluctantly come to the conclusion that because of her health and advancing years she was no longer able to perform her duties as a waitress in the household. The letter expressed appreciation for the conscientious service of Miss Imlay over a long period of years and then stated that Miss Imlay was released from all further services in the household and would receive a monthly pension of sixty-five dollars. Prior to November, 1935, the petitioner had been receiving eighty dollars a month. Miss Imlay received the sixty-five dollars a month until the date of the decedent's death.

The narrow interpretation by the executors of the language of the will as applied to these facts is not in accord with the gracious spirit of generosity of the testatrix as evidenced by the entire will and by the letter to the petitioner.

Where a legatee is identified as an object of a testator's bounty as here, a liberal construction of the terms of the will should be employed. (*Matter of Altman*, 115 Misc. 476; *Matter of Fleming*, N. Y. L. J. Oct. 17, 1930, p. 306.) Obviously the petitioner was an object of the bounty of the testatrix at the time of the execution of the will. The letter of the decedent's attorney, which was written shortly after the execution of the will and codicil, by its very terms cannot be interpreted as changing the status of the petitioner as an object of the bounty of the testatrix. Such a construction of the will would make it tantamount to a revocation of the legacy to the petitioner. The letter itself negatives such intention on the part of the testatrix. I accordingly hold that the testatrix never discharged the petitioner from her employ nor did she ever intend to do so. Disability on the part of the employee to continue to render services should not be interpreted as a discharge of the employee, particularly where compensation of the employee is continued. (*Matter of Thompson*, 126 Misc. 91.)

I hold, therefore, that the petitioner is entitled to the payment of the legacy under the language of the will. (*Matter of Thompson, supra; Matter of Altman, supra; Matter of Mitchell*, 114 Misc. 370; *Matter of Fleming, supra* )

Submit decree on notice construing the will accordingly.