STURGIS, Chief Judge.
The appellee, a licensed practicing nurse, hereinafter referred to as the petitioner, was employed on February 22, 1950 by Mary Mitchell Mollard who on April 24, 1953 executed a will bequeathing $5,000 to petitioner on condition that she was still in the employ of testator at the time of her death. The residuary legatee was John Thorne Mollard, testator’s husband, who was familiar with the will and the subject legacy long prior to testator’s death on September 2, 1954, following which he qualified as executor thereof.
Petitioner continued actively in performance of the duties of her employment until August 13, 1954 — approximately 20 days prior to decedent’s death and over a year after the will was executed — when testator’s husband summarily required her to leave the premises where she carried on her duties. Upon his refusal, as executor of the will, to recognize the legacy, she petitioned the County Judge’s Court to determine her right thereto, and the answer of the respondent executor sought to justify his action on the ground that petitioner was not in the employ of testator at the time of her death.
Upon the conclusion of petitioner’s testimony, and absent any testimony on the part of the respondent executor, the County Judge’s Court granted respondent’s motion for a directed verdict, and as part of its order made findings to the effect that petitioner was discharged from her employment as nurse and companion to the decedent by John Thorne Mollard, acting as decedent’s husband and head of the household, that petitioner was not in the employ of the decedent at the time of her death, and that the condition of the bequest had not been fulfilled. Upon these findings the County Judge’s Court rendered judgment denying the petition.
Petitioner thereupon appealed to the Circuit Court of Duval County, which held, and we agree, that the County Judge’s Court was in error in granting said motion and entering said judgment. The circuit court also held that the condition of the bequest had been fulfilled, that petitioner was entitled to the specific sum bequeathed to her, and its order remanded the cause for proceedings consistent with these holdings. The cause is before this court on the executor’s appeal from the findings and order of the circuit court.
Counsel for the parties on appeal have favored us with excellent briefs, from which we find that the authorities overwhelmingly support the holding of the circuit court that the legacy remained in full force and effect. See Boyle v. Howe, 126 Fla. 662, 171 So. 667; Lewis v. Gaillard, 61 Fla. 819, 56 So. 281; In re Walker’s Estate, 185 Misc. 1046, 53 N.Y.S.2d 106; In re Hoe’s Estate, 176 Misc, 803, 29 N.Y.S.2d 183; Cantillon v. Walker, 146 Me. *816 160, 78 A.2d 782; Anderson v. Stone, 281 Mass. 458, 183 N.E. 841; In re Fletcher’s Estate, 36 Cal.App.2d 567, 97 P.2d 1039. It would be unconscionable and totally without honorable precedent to permit a residuary legatee to become enriched by his arbitrary act of discharging the legatee without rhyme or reason, so far as appears by the record before us, and to thus produce the fiction' that the legacy failed because it was a condition thereof that the legatee be in testator’s employ at the time of her death.
There was a power of attorney from the testator to her husband, but it vested no authority in him to discharge petitioner. Appellant insists that the husband, as head of the household, had inherent authority to discharge petitioner. Whatever rights he might have enjoyed under the ancient law to flaunt his wife’s wishes, few modern husbands would be so rash as to attempt the exercise of it. The proposition is as outmoded as the fable that credits a husband with being privileged to administer corporeal punishment to his wife with a stick no- larger than his thumb — else there has been a terrific shrinkage in thumb measurements.
Appellant also insists that by holding that petitioner was entitled to the specific sum bequeathed, the circuit court required the trial court to forthwith enter judgment for her, and made no allowance for the fact that appellant had not had an opportunity to present his evidence. We think this point is well taken. 31 F.S.A. Rule 2.7(a), 1954 Florida Rules of Civil Procedure, under which this cause was tried, provides:
“A party who moves for a directed verdict at the close of the evidence offered by the adverse party may offer evidence in the event the motion is denied without having reserved the right to do so- and to the same extent as if the motion had not been made.”
But it is not necessary, as appellant contends, for all of the evidence to be again presented, as would be required if petitioner’s testimony had been presented before a jury, as in Greenberg v. Post, 155 Fla. 135, 19 So.2d 714, or as might be required if the trial judge who heard the proofs thus far is not available to hear the remainder. Assuming his availability, the proper procedure is for the appellant to present his evidence, for appellee to then present her evidence in rebuttal, and that the trial judge then enter such order as the entire proofs dictate.
This cause is remanded for further proceedings in accordance with the views expressed herein.
WIGGINTON, J., and TAYLOR, Hugh M., A. J., concur.